**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GREEN EARTH TECHNOLOGIES GROUP, LLC<br>1000 North West Street, Suite 1200<br>Wilmington, DE 19801<br><br>    Plaintiff,<br> vs.<br><br>DONALD A. BISHOP, SR.<br>3056 Mogadore Road<br>Akron, OH 44312<br><br>And<br><br>BISHOP BROTHERS CONSTRUCTION, INC.<br>1376 Leisure Drive<br>Towanda, PA 18848<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br>**COMPLAINT FOR<br>MONEY DAMAGES** |

Plaintiff Green Earth Technologies Group, LLC ("Green Earth"), for its Complaint for Money Damages against Donald A. Bishop, Sr. ("Bishop") and Bishop Brothers Construction, LLC ("Bishop Brothers") (collectively "Defendants"), by and through their undersigned counsel, alleges and states as follows:

**INTRODUCTION AND PARTIES**

  1. This is an action by Green Earth to recover money damages against Bishop and Bishop Brothers for conversion and breach of contract related to equipment owned by Green Earth.

2. Green Earth is a Delaware limited liability company, with its principal place of business located at 1000 N. West Street Suite 1200-1337, Wilmington, DE 19801.

3. Green Earth's members all reside outside the State of Ohio and are citizens of other states.

4. Green Earth is a business engaged in the demolition and dismantling of commercial and industrial structures.

5. Upon information and belief, Bishop is an adult individual residing in Akron, Ohio.

6. Bishop Brothers is a Pennsylvania corporation with its principal place of business in Towanda, PA but does business in Ohio.

## JURISDICTION AND VENUE

7. This Court may properly maintain jurisdiction over Defendants because: (i) Bishop is a resident of Ohio; and (ii) Defendants' contacts with the Northern District of Ohio satisfy the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945).

8. Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction over this action because the matter in controversy exceeds the sum of $75,000 and the Plaintiff is a citizen of a different state than all Defendants.

9. Venue is proper because the relevant acts and omissions alleged in this Complaint occurred in the Northern District of Ohio.

## FACTS

10. Green Earth incorporates by reference all the preceding paragraphs of this Complaint as if fully rewritten herein.

11. Green Earth and Bishop reached an agreement ("the Agreement") in or about September 2019, for Bishop to transport a LaBounty Shear ("the Shear"), which is a large piece of industrial demolition equipment owned by Green Earth, to Akron, Ohio.  In exchange for transportation and safe delivery, Green Earth would pay Bishop for hours driven, mileage for fuel, and per diem expenses.

12. The Shear had a value of over one hundred fifty thousand dollars ($150,000.00) at the time of the Agreement.

13. Using equipment owned by him or Bishop Brothers, Bishop loaded up the Shear at a job site in Jasper, IN and transported it back to Ohio in late September 2019.

14. Upon delivery to Green Earth's jobsite in Ohio, Green Earth agreed to pay Bishop for transporting the Shear from Indiana to Akron.

15. After bringing the Shear back into Ohio, Bishop demanded additional monies over and above what Green Earth agreed to pay Bishop for his services.

16. When Green Earth refused to pay the additional monies demanded by Bishop, while still affirming its intent to pay the originally-agreed upon amount, Bishop refused to deliver the Shear to Green Earth.

17. Instead, Bishop took the Shear to another location, which upon information and believe is Bishop Brothers' equipment yard.

18. Green Earth made multiple attempts to appease Bishop, but Bishop continued to refuse to deliver the Shear, and then demanded additional storage charges from Green Earth to keep the Shear at a location under his or Bishop Brothers' ownership and/or control.

19. Bishop has wrongfully retained possession of the Shear despite Green Earth's repeated requests for Bishop to return the Shear.

## COUNT I
## Conversion

20. Green Earth incorporates by reference all the preceding paragraphs of this Complaint as if fully rewritten herein.

21. Bishop obtained possession of the Shear to transport and deliver it to Green Earth.

22. Bishop failed and refused to deliver the Shear to Green Earth, and both Bishop and Bishop Brothers wrongfully retained possession and exercised dominion of the Shear to the exclusion of Green Earth.

23. As a direct and proximate result of Defendants' conversion of Green Earth's equipment, Green Earth has suffered damages in excess of $100,000, including the value of the Shear and expenses and losses from resulting from having the Shear kept from Green Earth and its demolition business.

24. Given Defendants' wanton, willful, and malicious misconduct, Green Earth is also entitled to punitive damages and legal fees and expenses in filing this action and pursuing its claims.

25. In the alternative, Green Earth is entitled to recover possession of the Shear from Bishop and Bishop must relinquish possession of the Shear according to the Agreement, plus damages for wear and tear, loss of use, and depreciation of the Shear.

## COUNT II
### Breach of Contract

26. Green Earth incorporates by reference all the preceding paragraphs of this Complaint as if fully rewritten herein.

27. Green Earth and Bishop formed an Agreement to transport and safely deliver the Shear to Ohio.

28. Bishop breached the Agreement by failing to deliver the Shear to Ohio.

29. Bishop is liable to Green Earth for damages due to Bishop's breach in an amount in excess of $100,000.

WHEREFORE, for the reasons above, Plaintiff, Green Earth Technologies Group, LLC, requests judgment against Defendants, Donald A. Bishop, Sr. and Bishop Brothers Construction Inc., under the Counts detailed above, in an amount exceeding $100,000 to be proven at trial, plus costs, expenses, punitive damages, attorneys' fees, pre-judgment and post-judgment interest at the applicable statutory rate, and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Philip J. Truax*
Philip J. Truax (0079124)
Robert J. Lally (0060133)
Truax Law Group, Ltd.
36718 Detroit Road
Avon, Ohio 44011
P: (440) 534-6733
F: (440) 543-6742
phil@truaxlawgroup.com
rob@truaxlawgroup.com

*Counsel for Plaintiff*
*Green Earth Technologies Group, LLC*